IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIM. NO. 05-167-3 |
| : | |
| MARTIN KUPER : | |

**Diamond, J.**                                                                                          **April 27, 2009**

## MEMORANDUM

Acting within the statute of limitations, the grand jury charged Defendant, Martin Kuper, with mail fraud.  Apparently acting outside the limitations period, the grand jury subsequently returned a Superseding Indictment, adding new mail fraud Counts.  Even though the new and original charges arise from the same criminal conspiracy, Defendant argues that the new charges are time-barred because they do not "relate back" to the original charges.  I do not agree.  Accordingly, I deny Defendant's Motion to Dismiss the Superseding Indictment.

**I.     BACKGROUND**

The grand jury based all charges in this case on the alleged efforts of Defendant, his son-in-law Steven Rockman, and Jeffrey Foster to defraud Tierney Communications through the submission of phony invoices.  On March 23, 2005, the grand jury charged Defendant, Rockman, and Foster with five Counts of mail fraud and aiding and abetting.  Doc No. 1; 18 U.S.C. §§ 1341, 2.  Each Count was based on a separate payment check Tierney Communications mailed in connection with the scheme to defraud.  Foster pled guilty in June 2006; Rockman pled guilty in February 2007.  On March 6, 2007, Defendant moved to dismiss the Indictment with prejudice for violation of the Speedy Trial Act. (Doc. No. 62.)  On March 19, 2007, I dismissed the Indictment without prejudice.

1

Doc. No. 71; 18 U.S.C. § 3161.  Defendant appealed my refusal to bar his reindictment; the Third Circuit dismissed the appeal, ruling that my Order was interlocutory.  Doc. Nos. 72, 73, 81; United States v. Kuper, 522 F.3d 302 (3d Cir. 2008).  The Circuit issued its mandate on May 16, 2008.  On July 10, 2008, the grand jury issued a Superseding Indictment, charging Defendant with eleven new Counts of mail fraud and aiding and abetting (in addition to the five original Counts).  Doc. No. 84; 18 U.S.C. §§ 1341, 2. The grand jury based each new mail fraud Count on a separate check mailed in connection with the scheme to defraud Tierney Communications.

At Defendant's request, I stayed this matter pending his appeal of the Third Circuit's ruling.  (Doc. Nos. 85, 86.)  On October 6, 2008, the Supreme Court denied *certiorari*.  Kuper v. United States, 129 S. Ct. 267 (2008).  On March 10, 2009, Defendant filed the instant Motion to Dismiss, arguing that with its Superseding Indictment, the grand jury impermissibly "increased, broadened and enhanced the charges." (Doc. No. 99 at 4.)  Defendant also seeks a hearing so that I may reconsider my decision to dismiss the original Indictment without prejudice.  The Government responded on March 27, 2009.  (Doc. No. 105.)

## II. LEGAL STANDARDS

Because the Superseding Indictment was returned within 60 days of the issuance of the Circuit's mandate, the Parties apparently agree that the new Indictment was timely within the meaning of 18 U.S.C. § 3288, which provides:

> Whenever an indictment . . . is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, in the event of an appeal, within 60 days of the date the dismissal of the indictment or information becomes final . . . which new indictment shall not be barred by any statute of limitations.

(Doc. No. 99 at 3-4; Doc. No. 105 at 8.)

The Parties also apparently agree that: 1) a five year limitations period applies here (18 U.S.C. § 3282); and 2) the events giving rise to the new mail fraud Counts occurred more than five years before the return of the Superseding Indictment.  Thus, the Government's compliance with § 3288 notwithstanding, the new charges may be time-barred unless they relate back to those brought in the original Indictment.  See United States v. Italiano, 894 F.2d 1280, 1283 (11th Cir. 1990) ("[A]n untimely indictment can only be saved by the section 3288 exception" if it relates back to "the original charges 'tolled' by the previous indictment.").  A second indictment relates back if it "does not materially broaden or substantially amend the charges in the first [indictment]." United States v. Oliva, 46 F.3d 320, 324 (3d Cir. 1995); see also United States v. Ross, 77 F.3d 1525, 1537 (7th Cir. 1996) ("[A] superseding indictment that supplants a still-pending original indictment relates back to the original indictment's filing date so long as it neither materially broadens nor substantially amends the charges initially brought against the defendant."); United States v. Grady, 544 F.2d 598, 602 (2d Cir. 1976) (same).

The Circuits agree that a superseding or new indictment does not materially broaden or substantially amend original charges if the first indictment provided fair notice of the new charges. The Eleventh Circuit has observed:

> Notice to the defendant is the central policy underlying the statutes of limitation. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense.

Italiano, 894 F.2d at 1283.

> The Second Circuit has offered a similar analysis:
>
> In determining whether a superseding indictment materially broadens or amends the original charges, we will consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence. No single factor is determinative; rather, the "touchstone" of our analysis is notice, i.e., whether the original indictment fairly alerted the defendant to the subsequent charges against him and the time period at issue.

United States v. Salmonese, 352 F.3d 608, 622 (2d Cir. 2003). See also United States. v. Birks, 2009 WL 900742, at *6 (D.N.J. 2009) ("[I]n considering whether a superseding indictment impermissibly broadens the charges of the initial indictment, the Court will look to see if the initial indictment gave the defendant sufficient notice of the charges he must defend against in the superseding indictment.").

The Third Circuit has explained that in addition to ensuring for fair notice, these "limitation[s] [are] designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." United States v. Friedman, 649 F.2d 199, 204 (3d Cir. 1981)  (quoting Toussie v. United States, 397 U.S. 112, 114-15 (1970)).

### III.   DISCUSSION

#### A.   The Original and Superseding Indictments

To determine whether the Superseding Indictment is impermissibly broader than the original Indictment, I must compare the two documents. See United States v. O'Neill, 463 F. Supp. 1205, 1207 (E.D. Pa. 1979) ("When an indictment issued beyond the limitations period for a crime supersedes an indictment concerning the same transaction which was issued within the limitation period, the Court must scrutinize the new indictment to insure that the second (indictment) did not

4

broaden or substantially amend the charges made in the first.") (internal quotations omitted).

### The Original Indictment

The grand jury charged that from "<u>at least</u> in or around October 2000" to "in or around March 2002," Defendant devised and participated in a scheme to defraud Tierney Communications, the employer of both Rockman and Foster.  Doc. No. 1 at ¶ 4 (emphasis added). Defendant was the owner of DotCom Enterprises – a company Defendant created to implement his fraudulent scheme. Rockman and Foster directed the creation of phony invoices – purportedly submitted by DotCom – which they submitted to Tierney Communications for payment. (<u>Id.</u> at ¶¶ 3-6.)  When Defendant received Tierney Communication's payments to DotCom for non-existent services, he divided the proceeds among Rockman, Foster, and himself.  (<u>Id.</u>)  Tierney Communications issued checks totaling $743,022 to pay the fraudulent invoices.  (<u>Id.</u> at ¶ 13.)  The grand jury returned five Counts of mail fraud against Defendant, Rockman, and Foster based on five of the payment checks that Tierney Communications mailed to DotCom. (<u>Id.</u> at ¶ 14.)  These checks totaled $74,137.50.  (<u>Id.</u>)  The grand jury also charged Rockman and Foster with wire fraud.  18 U.S.C. § 1343.

### The Superseding Indictment

As alleged in the new Indictment, Defendant, Rockman, and Foster carried out the same scheme to defraud Tierney Communications through the submission and payment of phony DotCom invoices.  (Doc. No. 84 at ¶ 1-8.)  In the new Indictment, however, the grand jury charged that the scheme began in November 1999.  The grand jury originally alleged that the scheme began "from at least in or around October 2000."  (<u>Id.</u> at ¶ 4.)  More significantly, the Superseding Indictment included eleven new mail fraud Counts, corresponding either to checks Tierney Communications mailed to DotCom as payment for phony invoices or to payments DotCom in turn mailed to Foster

5

(representing Foster's share of the scheme's proceeds). The amount of victim loss attributed to all the charges in the new Indictment is $466,675 – increased from the $74,137.50 loss originally alleged. (See id. at ¶ 15.) The total loss sustained by Tierney Communications as a result of the DotCom scheme remained the same: $743,022. (Id. at ¶ 14.)

### B. Viability of the New Charges

Defendant argues that because of the "explosion" of new charges, the Superseding Indictment does not relate back to the original Indictment, and so is time-barred. I do not agree. The two charging documents describe the same conspiracy. Although the Superseding Indictment provides that the conspiracy began in November 1999 – almost a year earlier than the October 2000 date originally alleged – the original Indictment plainly suggested that the conspiracy began earlier ("from at least . . . October 2000"). Moreover, only two of the new Counts correspond to checks (for $19,650 and $17,000) mailed during that expanded time period. (Doc. No. 84 at ¶ 15.)

Defendant contends primarily that the addition of eleven new mail fraud Counts and the loss attributed to the superseding charges – increased from approximately $74,000 to some $466,000 – exposes him to increased punishment and so indicates that the Superseding Indictment does not relate back. I agree that "expos[ing] the defendant to a potentially greater sentence" is one factor suggesting that a new indictment "broadens or amends the original charges." Salmonese, 352 F.3d at 622. The other factors that comprise fair notice indicate the opposite, however: in both Indictments the grand jury alleged that the same individuals participated in essentially the same phony invoice scheme to defraud the same victim. Although the Superseding Indictment includes new Counts, violation of the mail fraud statute alone is alleged against Defendant in both charging documents. Moreover, both the original and new Indictments include the allegation that Tierney

Communications lost over $743,000 as a result of Defendant's scheme.  (See Doc. No. 1 at ¶ 13.)

In these circumstances the original Indictment put Defendant on notice that "he [could] be called to account for certain activities and should prepare a defense" in connection with the alleged scheme to defraud Tierney Communication of over $743,000.  Italiano, 894 F.2d at 1283.  Defendant thus cannot credibly claim that the return of additional mail fraud Counts or the increase of the attributed loss amount to some $460,000 caused unfair surprise.  Rather, "the original indictment fairly alerted the defendant to the subsequent charges against him and the time period at issue." Salmonese, 352 F.3d at 622; see United States v. Sears, Roebuck & Co., Inc., 785 F.2d 777, 779 (9th Cir. 1986) ("[T]he potential for imposition of a greater penalty . . . does not render the charges in the superseding indictment broader than those in the original indictment."); United States v. Elliott, 849 F.2d 554, 561 (11th Cir. 1988) (additional underlying facts "relating to . . . changes in some time periods and amounts of marijuana involved" not grounds for dismissing superseding indictment); United States v. Munoz-Franco, 487 F.3d 25, 53 (1st Cir. 2007) (expanding alleged conspiracy by sixteen months did not materially broaden indictment where defendants had "adequate notice of the charges against them despite the expanded time frame"); Italiano, 894 F.2d at 1285 ("[T]he crucial inquiry is whether approximately the same facts were used as the basis of both indictments.").  Accordingly, the new Indictment relates back to the original Indictment and so is not time-barred.

    **C.**    **Defendant's Request for a Hearing**

Defendant also requests "a hearing to determine whether the earlier Indictment and/or the Superseding Indictment should collectively be dismissed for violation of the Speedy Trial Act, with prejudice."  In dismissing the original Indictment, I carefully considered the factors set forth in § 3162(a)(2), and determined that I would dismiss without prejudice.  Doc. No 71;  18 U.S.C. §

3162(a)(2) ("In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.").

Defendant has provided no compelling reason to revisit that decision.  I am mindful that the Government may not, through the filing of new charges, compel "individuals . . . to defend themselves . . . when the basic facts have become obscured by the passage of time . . . ." Friedman, 649 F.2d at 204 (quoting Toussie v. United States, 397 U.S. 112, 114-15 (1970)).  Defendant has not, however, alleged that trial delay has caused any cognizable prejudice to his defense.  Rather, he argues that absent my dismissal without prejudice, the Government would not have sought a Superseding Indictment: "had this case proceeded to trial on a timely basis, the defendant would have been facing considerably less onerous accusations." (Doc. No. 99 at 7.)  This is not prejudice; it is speculation.  The decision to add or amend charges is uniquely within the Government's discretion. See United States v. Fisher, 692 F. Supp. 495, 499 (E.D. Pa. 1988) ("It is well established that the government has wide latitude to obtain a superseding indictment at any time prior to trial, and may then select the indictment under which to proceed at trial.") (collecting cases); United States v. Edwards, 777 F.2d 644, 649 (11th Cir. 1985) ("Clearly, a prosecutor may seek a superseding indictment at any time prior to trial on the merits, so long as the purpose is not to harass the defendant.").

With no evidence of prejudice and no indication that the Government has acted in bad faith, I am not prepared to dismiss the Superseding Indictment. In these circumstances, the hearing Defendant requests would be pointless.

An appropriate Order follows.

                                             **BY THE COURT:**

                                             */s Paul S. Diamond*

                                             _____

                                             **Paul S. Diamond, J.**